IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL SHAW, # 265721, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv570-MHT |
| | ) | (WO) |
| WILLIE THOMAS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Nathaniel Shaw ("Shaw") on June 5, 2014.  Doc. No. 1.[1]  Shaw challenges his convictions and sentence entered following a jury trial in April 2009 in the Circuit Court of Montgomery County, Alabama.  He asserts claims of ineffective assistance of counsel, double jeopardy, mental incompetence to stand trial, and lack of jurisdiction by the trial court to impose his sentence.  Doc. No. 1 at 5-23.  The respondents argue that Shaw's petition is barred from review by the one-year limitation period for § 2254 petitions. *See* 28 U.S.C. § 2244(d).  After considering the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Shaw's petition should be denied as untimely.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action.  Page references are to those assigned by CM/ECF.

## II.   DISCUSSION

### A.   The AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### *State Court Proceedings*

On April 7, 2009, a Montgomery County jury found Shaw guilty of one count of

first-degree theft of property, one count of trafficking in stolen identities, one count of unlawful possession of cocaine, and four counts of second-degree criminal possession of a forged instrument. Doc. No. 7-1 at 86-92. On May 18, 2009, the trial court sentenced Shaw as a habitual offender to 27 years' imprisonment for the theft and identity-trafficking convictions and to 10 years for cocaine possession and each forged-instrument conviction. *Id*. at 6-7.

Shaw appealed, and on April 16, 2010, the Alabama Court of Criminal Appeals affirmed his convictions and sentence in an unpublished memorandum opinion. Doc. No. 7-7. Shaw's application for rehearing was overruled by the appellate court on October 15, 2010 (Doc. Nos. 7-8 and 7-9), and he petitioned the Alabama Supreme Court for a writ of certiorari (Doc. No. 7-10). On December 10, 2010, the Alabama Supreme Court denied the writ and issued a certificate of judgment. Doc. No. 7-11. Shaw petitioned the United States Supreme Court for certiorari review, but that petition was denied on October 3, 2011. *See Shaw v. Alabama*, 132 S. Ct. 211 (2011) (Table).

On August 8, 2012, Shaw, proceeding *pro se*, filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. No. 7-12 at 13. On December 18, 2012, the trial court entered a written order denying the Rule 32 petition. *Id*. at 108. Shaw appealed, and on October 4, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of his Rule 32 petition. Doc. No. 7-16. Shaw's application for rehearing was overruled by the appellate

court on December 13, 2013.  Doc. Nos. 7-17 and 7-18.  Shaw petitioned the Alabama

Supreme Court for a writ of certiorari, and on February 14, 2014, the Alabama Supreme

Court denied the writ and issued a certificate of judgment.  Doc. Nos. 7-19 and 7-20.

### B.    Analysis of Timeliness

#### 1.    28 U.S.C. § 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1)(A), the AEDPA's one-year limitation period for filing

a § 2254 petition runs from the date on which the state judgment becomes final "by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

§ 2244(d)(1)(A).  For purposes of federal habeas review, Shaw's conviction became final on

October 3, 2011, with the denial of a writ of certiorari by the United States Supreme Court,

as that marked the conclusion of direct review in his case.  *See Kaufmann v. United States*,

282 F.3d 1336, 1339 (11th Cir. 2002).  The one-year limitation period for Shaw to file a

§ 2254 petition thus commenced on that date.  28 U.S.C. § 2244(d)(1)(A).  Absent statutory

or equitable tolling, Shaw had until October 3, 2012, to file his § 2254 petition with this

court.

#### 2.    Statutory Tolling

Shaw obtains some benefit from the statutory tolling provision in 28 U.S.C. §

2244(d)(2), which provides that "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this section." 28

4

U.S.C. § 2244(d)(2); *see Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001).  Shaw filed his state Rule 32 petition on August 8, 2012.  That filing tolled the limitation period by operation of § 2244(d)(2).  At that point, 310 days of the one-year period in § 2244(d) had run (i.e., from October 3, 2011, to August 8, 2012), leaving 55 days on the one-year federal clock.

The federal limitation period remained tolled until the Alabama Supreme Court's issuance of the certificate of judgment in the Rule 32 proceeding on February 14, 2014.  At that time, Shaw had 55 days remaining within which to file a timely § 2254 petition.  Once reactivated, the federal limitation period ran unabated for the remaining 55 days, before expiring on April 10, 2014.  Shaw filed his § 2254 petition on June 5, 2014 – 56 days after expiration of the federal limitation period.  *See* 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Shaw such that the federal limitation period commenced on some date later than October 3, 2011.  There is no evidence that any unconstitutional or illegal State action impeded Shaw from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Shaw presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, Shaw submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

5

### *3.   Equitable Tolling*

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Shaw argues he is entitled to equitable tolling – and that the filing of his § 2254 petition beyond the limitation period should be excused – because he was mentally incompetent to file a timely petition. *See* Doc. No. 9 at 1-8; Doc. No. 11; Doc. No. 11-1. In this regard, he alludes to his history of mental health problems, including post-traumatic stress disorder (dating from his military service in Vietnam in the late 1960s) and a military-related diagnosis of schizophrenia, conditions he says were exacerbated by a recent diagnosis of prostrate cancer. According to Shaw, because of his mental health issues, he relied on help from a fellow inmate in preparing his habeas petition, and that inmate then failed to ensure the petition was timely filed after forwarding it to Shaw's sister, who, through an alleged misunderstanding, did not mail the petition to this court until over 50 days after the limitation period had expired.

A habeas petitioner's mental incapacity may support a request for equitable tolling if

the petitioner establishes a causal connection between his alleged mental incapacity and his ability to timely file his petition. *See Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). The petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 173 (S.D. N.Y. 2000). Here, the mere fact of Shaw's history of mental health issues is insufficient to demonstrate that he is actually mentally incompetent. *See Furr v. Robinson*, 2000 WL 152147, at *2 (E.D. Va. Jan. 13, 2000) (denying equitable tolling where the petitioner demonstrated he had the mental abilities of a fifth-grader, because this did not render the petitioner incompetent or constitute "extraordinary circumstances"). Nothing in the record supports a finding that Shaw's mental health issues made it impossible for him to file his federal petition on time. Such issues did not prevent him from timely filing a *pro se* Rule 32 petition in August 2012 and thereafter pursuing an appeal from the denial of the petition by filing a notice of appeal, an appellate brief, an application for rehearing, and a petition for writ of certiorari to the Alabama Supreme Court (which he filed in late December of 2013). *See, e.g., Couch v. Talledega Circuit Courts*, 2013 WL 3356908, at *4-5 (N.D. Ala. Jul. 3, 2013) (denying equitable tolling for § 2254 petitioner where, despite petitioner's alleged mental challenges, petitioner previously filed a Rule 32 petition and motions to reconsider her sentence in state court); *Braham v. State Ins. Fund*, 1999 WL 14011, at *4 (S.D. N.Y. Jan. 14, 1999) (filing of other lawsuit during alleged incompetency period demonstrated plaintiff was capable of pursuing her legal rights). The record also

reflects that Shaw has alleged his mental incompetence in previous judicial proceedings, to no avail.  In a mental health evaluation of Shaw prepared before his 2009 trial, the examining psychologist, while noting Shaw's history of mental health issues, concluded that Shaw was able to assist in his defense by consulting with his counsel and that he had an understanding of the facts and legal proceedings against him, i.e., that he was competent to stand trial. Shaw reasserted his incompetency claim in his Rule 32 petition and on appeal from the denial of that petition, where the Alabama Court of Criminal Appeals found he failed to establish he was incompetent to stand trial.[2]   Under these facts, the court finds that Shaw has shown no causal connection between his alleged mental limitations and his ability to file a timely § 2254 petition.

Moreover, Shaw is not entitled to equitable tolling because he entrusted a fellow inmate to prepare and file his habeas petition for him.  Shaw provides no explanation why, if his fellow inmate prepared his petition, it was necessary for the inmate to then forward the petition to Shaw's sister for mailing when it could have been mailed to this court through the

---

[2] The Alabama Court of Criminal Appeals concluded:

Shaw's allegations in his petition that he had suffered from mental illness for most of his adult life and his exhibits referencing various diagnoses in the early 1990s, long before his 2009 trial, as well as the letter from the psychologist dated in 2010, but referencing his mental illnesses diagnosed as early as 1997, also long before his 2009 trial, are simply not sufficient to satisfy the pleading requirements in [Ala.R.Crim.P.] Rule 32.3 and Rule 32.6(b) and to indicate that Shaw was incompetent to stand trial.

Doc. No. 7-16 at 43.

prison mailing system.  Nor does Shaw present facts indicating any efforts on his part to ensure his petition was timely filed, either by his sister or by the inmate to whom he allegedly entrusted the matter.  *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (noting a state inmate was not entitled to equitable tolling of limitation period for filing federal habeas petition based on inmate's reliance on helpers who were transferred or too busy to attend to his petition); *see also Smith v. Beightler*, 49 Fed. App'x 579, 580-81 (6th Cir. 2002) (holding that petitioner's claim he was nearly blind and must rely on other inmates to access the court did not justify equitable tolling, as it does not establish that petitioner lacked knowledge of the filing requirement or that he was diligent in pursuing his rights); *United States v. Cicero*, 214 F.3d 199, 204-05 (D.C. Cir. 2000) (federal inmate was not entitled to equitable tolling on the ground that prisoner gave his legal papers to "jailhouse lawyer" whose placement in segregation resulted in separation of prisoner from his papers, as prisoner entrusted his papers to another at his own peril); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655-56 (N.D. Tex. 1998) (habeas petitioner's allegation that a fellow inmate agreed to file his petition for him and fraudulently represented that he had done so did not justify equitable tolling).  "It is common for prisoners to count on other inmates for assistance in filing lawsuits or seeking habeas relief....  Inmates who assist other prisoners with legal matters are not subject to the ethical and fiduciary obligations of lawyers.  If their miscreant, inept, or negligent conduct were deemed sufficient of itself to toll the AEDPA limitations period, the time-bar would be rendered virtually meaningless."  *Henderson*, 1 F.Supp.2d at 655.

9

In sum, the court concludes that Shaw has failed to show how his mental health issues rendered him incapable of filing his habeas petition within the federal limitation period, and therefore he has failed to meet his burden of establishing a basis for equitably tolling the statute. Because Shaw failed to file his § 2254 petition within the one-year federal limitation petition, his petition is time-barred and due to be denied.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case dismissed with prejudice, because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The parties are DIRECTED to file any objections to this Recommendation on or before June 27, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary

in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

      Done this 13th day of June, 2016.


                   /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

11